LEVENTIS et al. v. INDUSTRIAL COMMISSION et al.

No. 5242. Decided September 12, 1934. (35 P. [2d] 770.)

D. B. *Hempstead*, of Salt Lake City, for plaintiffs.

*Joseph Chez*, Atty. Gen., and *Allen G. Thurman* and A. J. *Mays*, both of Salt Lake City, for defendants.

McCONKIE, District Judge.

On February 5, 1931, pursuant to the provisions of the Workmen's Compensation Act (Comp. Laws 1917, § 3061 et seq., as amended). John Ledakis filed application with the Industrial Commisison for compensation, alleging that on June 17, 1930, while regularly employed by the Miners' Pool Hall, he was injured by reason of an accident arising out of or in the course of his employment; that the Miners' Pool Hall had in its employ three or more workmen; that it was without coverage; that while in the course of his employment applicant fell from a stepladder and suffered a broken hip; that he received hospitalization at Bingham; that for about two years prior thereto he had earned, and at the time of the accident was earning, $4 per day; and that he had received neither the payment of compensation nor the expenses incident to his injury.

A hearing was held at Bingham Canyon on February 17, 1931, and on March 7, 1931, the application was denied, but thereafter the commission granted a rehearing and on August 12, 1931, vacated its findings, conclusions, and de-

cision of March 7th and awarded compensation, medical and hospital expenses, and attorney's fees. For the purpose of clarifying the record, and to determine more definitely what the amount of the compensation and services should be, a third hearing was held on September 5, 1931. The defendants (plaintiffs here) applied to this court for a writ of review and ask that the award be annulled.

On August 12, 1931, the commission found that at the time of the accident defendants John Leventis, Jack Tallas, and Gust Alexiou were copartners doing business as the Miners' Pool Hall and Quick Lunch at Copperfield, Bingham Canyon, Salt Lake county, Utah; that the business of the Miners' Pool Hall and of the Miners' Quick Lunch was operated by said copartnership in the same premises; under the same roof, and in or about the same establishment, as parts of one and the same business enterprise, and that each of the partners named owned a one-third interest therein; that said copartnership had in its service, on June 17, 1930, under contracts of hire, three or more regular employees, including applicant; that applicant received $4 per day as compensation for his employment for seven days per week; that on June 17, 1930, at 4 o'clock in the morning, while standing on a stepladder, and while in the act of cleaning a skylight in the roof of the premises occupied by the Miners' Pool Hall and Quick Lunch, pursuant to the directions of Gust Alexiou, one of the copartners, applicant fell and fractured his hip and otherwise bruised and injured himself; that said accident and injuries were not self-inflicted, but arose out of and in the course of applicant's employment; and that defendants had not complied with the provisions of the Workmen's Compensation Act.

Applicant's fall resulted in a comminuted fracture at the juncture of the shaft and the end of the right femur with displacement of the great trochauter, temporarily and totally disabling him to and including June 15, 1931. He was hospitalized until December 2, 1930, when he was released on crutches. The undisputed testimony was that applicant

would suffer a temporary and partial disability to the extent of 25 per cent to December 14, 1931, after which the permanent partial disability to the right lower extremities would be 15 per cent, and that a hospital charge of $564.25, $156 of which had been paid, leaving a balance due of $408.25, as well as a $150 doctor bill, were reasonable. The commission ordered payment of these sums, as well as $1,368 compensation; total $1,926.25.

The principal question involved was whether or not the applicant was working for an employer who was subject to the provisions of the State Industrial Act. Defendants insist that he was not an employee of the copartnership but that he was a mere volunteer in getting the ladder and in ascending it; that the Miners' Pool Hall and the Miners' Quick Lunch were two separate and distinct businesses; that the injury suffered was self-inflicted; and that the accident did not arise out of or in the course of his employment.

In view of the record and the findings of the commission, our course is an open highway, marked by an unbroken line of decisions which have the support of both natural justice and of common sense. The principles involved are so limpid and axiomatic that their recitation or a citation thereof would be an adscititious burden. Therefore we move straight toward a conclusion. In all respects the findings are supported by substantial competent evidence, which this court can neither weigh nor review, as the commissioners are the sole judges of the credibility of the witnesses and of the weight of the evidence.

A question was raised as to whether certain card dealers who operated at the premises were employees, which question we find it unnecessary to determine. The commission found and substanial evidence supports the finding, that there were three or more employees in the employ of the copartnership at the time of the accident. There was substantial competent evidence that two cooks, one ball racker, and a girl behind a counter were employed by the copartnership, in addition to four card dealers. We

understand the commissioners' finding that "three or more employees" were regularly employed in the business of the Miners' Pool Hall and of the Miners' Quick Lunch to be independent of and in addition to the card dealers. The finding might have more aptly stated the facts, but every legitimate inference must be drawn in favor of the employee. There is sufficient precision in the findings to justify legitimate conclusion that the commission did not include the card dealers as among the "three or more employees." The commission was justified in its conclusions. The case is one that cannot be made plainer by argument. Lucubration assures us that the award should be affirmed. It is so ordered.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

MOFFAT, J., did not participate herein.